UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY ANDREWS, | ) | CASE NO. 3:22-cv-873 (KAD) |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN GRILLOT, REDDING C. | ) | AUGUST 15, 2023 |
| CATES, ANNE THIDEMANN, | ) | |
| RAYMOND PUTNAM,[1] DAVID | ) | |
| PETERSON, LAURA BEVERIDGE, | ) | |
| PETER STOKELY, UNITED STATES | ) | |
| OF AMERICA, and T. ANDREW | ) | |
| EARLES, | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 19 & 26)**

Kari A. Dooley, United States District Judge:

As detailed below, Plaintiff Jeffrey Andrews is a defendant in a matter pending in the District of Connecticut, which has been ongoing since 2020. *See United States v. Andrews*, No. 3:20-cv-1300 (JCH) (D. Conn. 2020) (herein, the "Enforcement Action"). This action arises from that litigation. Plaintiff sues both counsel and witnesses involved in the Enforcement Action[2] and alleges a violation of his constitutional rights as a result of Defendants' conduct in that litigation. Pending before the Court is a motion to dismiss filed by all Federal Defendants, as well as a motion to dismiss filed by T. Andrew Earles, an individual hired by the Government to serve as an expert

---

[1] The Complaint misspells the name of defendant Raymond Putnam as Raymond Putnum. His name is correctly spelled in the Amended Complaint.
[2] Plaintiff names as Defendants: Laura Beveridge and David Peterson, attorneys with the U.S. Environmental Protection Agency ("EPA"); Dr. Raymond Putnam, a Physical Scientist and Wetlands Inspector for the EPA; Peter Stokely, an Environmental Support Specialist for the EPA; Redding Cates and Benjamin Gillot, attorneys with the Department of Justice's Environment and Natural Resources Division, and Anne Thidemann, an Assistant United States Attorney ("AUSA") in the District of Connecticut (although AUSA Thidemann does not appear to be named as a defendant in the subsequently filed Amended Complaint, she is mentioned on page 9). These defendants are hereinafter referred to as the "Federal Defendants." Plaintiff also sues T. Andrew Earles, an expert hired by the Government in the litigation before Judge Hall.

in the Enforcement Action. Although Plaintiff filed an opposition to each motion, he fails to meaningfully address any of the arguments advanced therein. Upon review of the parties' submissions, both motions to dismiss are GRANTED. (ECF Nos. 19, 26)

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

The appropriate analysis for a facial challenge to subject matter jurisdiction, as is raised by the Defendants, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the

plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57.

Although a *pro se* complaint must be liberally construed to raise the strongest arguments it may suggest, *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), *pro se* litigants are nonetheless obligated to comply with the minimal standards of notice pleading under Rule 8. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). In other words, "a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Collins v. Blumenthal*, 581 F. Supp. 2d 289, 291 (D. Conn. 2008) ("[T]he rule in favor of liberal construction cannot save *pro se* litigants who do not present cognizable arguments."). To satisfy Rule 8's standard that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

**Allegations and Procedural History**

*Enforcement Action before Judge Hall*

The Court takes judicial notice of the litigation pending before Judge Hall. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts"). Plaintiff, with his family, owns "land that spans approximately 72 acres across two parcels" which are located in Wallingford, Connecticut, and North Branford, Connecticut. *United States v. Andrews*, No. 3:20-cv-1300 (JCH), 2023 WL 4361227, at *2 (D. Conn. June 12, 2023), ECF No. 243. The "land is surrounded by largely undeveloped parcels, including state-designated watershed protection land." *Id.* Upon referral from the Army Corps of

3

Engineers, the EPA initiated contact with Plaintiff regarding the use of his property. *Id.* at *4. On May 8, 2019, after failed attempts by the EPA to advise Plaintiff to consult with the Army Corps of Engineers regarding work he was doing in wetland areas, the United States of America applied *ex parte* in the District Court for the District of Connecticut for an administrative warrant, which was granted that same day. *Id.* The Government thereafter brought an enforcement action against Plaintiff and his family on September 2, 2020, alleging violations of section 301 and 308 of the Clean Water Act ("CWA") because Plaintiff dredged or filled in "approximately 13.3 acres of the 16.3 acres of jurisdictional wetlands on his property" without a permit. *Id.* at *1, *5.

On September 3, 2020, the Government filed a motion for preliminary injunction. *Id.* at *5. After an evidentiary hearing, Judge Hall granted in part the motion for preliminary injunction and enjoined Plaintiff from "placing additional dredge or fill material in jurisdictional waters in prescribed areas." *Id.* In March 2021, Plaintiff, then represented by counsel, moved to suppress evidence from the 2019 inspection. *Id.* On June 11, 2021, Judge Hall denied Plaintiff's motion to suppress. *Id.*; *United States v. Andrews*, No. 3:20-cv-1300 (JCH), ECF No. 97. On October 20, 2021, Plaintiff's counsel were permitted to withdraw from representation, *see Andrews*, 2023 WL 4361227, at *6; *United States v. Andrews*, No. 3:20-cv-1300 (JCH), ECF No. 144, and Plaintiff has since proceeded *pro se* in the Enforcement Action.

Throughout the Enforcement Action, the Government has pursued standard discovery to include inspections on Plaintiff's land pursuant to Rule 34(a)(2). *See United States v. Andrews*, No. 3:20-cv-1300 (JCH), ECF Nos. 80, 158. Federal Defendant attorneys served Plaintiff with these Rule 34(a)(2) requests, which identified Dr. Putnam as someone expected to be present at one of the inspections. *See United States v. Andrews*, No. 3:20-cv-1300 (JCH), ECF No. 83-4 at 3. On September 26, 2022, after receiving the Government's expert disclosures, Plaintiff amended

4

his complaint in this action to include two of the Government's expert witnesses, Inspector Stokely and Dr. Earles. *See Andrews v. Hall*, No. 3:22-cv-873 (KAD) (D. Conn. Sept. 26, 2022), ECF No. 15. On October 21, 2022, the Government moved for summary judgment on liability. *United States v. Andrews*, No. 3:20-cv-1300 (JCH), ECF No. 224. Judge Hall granted that motion on June 12, 2023. *See Andrews*, 2023 WL 4361227, at *1.

*Allegations in the Present Action*

> Plaintiff alleges as follows:
>
> This amended complaint is the result of the delivery of Defendants expert disclosures. Based upon these expert opinions, new defendants are now added to this 18 U.S. Code 241 Conspiracy to deprive Plaintiff of United States Constitutional Rights. A Preliminary Injunction was issued on 15 acres of Plaintiff's 68 acre farm property. Judge Janet C. Hall implemented the unlawful taking of Plaintiff's private property. Judge S. Dave Vatti and Judge Janet C. Hall have violated and continue to violate Plaintiff's guaranteed enumerated United States Constitutional Rights. Defendants Grillot, Cates, Thidemann, Putnam, Petersen, and Beveridge have and continue to violate Plaintiff's guaranteed and enumerated Rights citing the Clean Water Act which constitutes a Deprivation of Rights Under the Color of Law. Plaintiff has repeatedly motioned the court and Defendants of the Plaintiff's enumerated Rights in several motions and the plain reading of the 4th, 5th, 9th Amendments, Article 6 of the United States Constitution as well as United States Supreme Court Precedent(s). Defendants continue to purposefully violate and disregard Plaintiff's protected and enumerated rights which constitutes A Deprivation of Rights Under the Color of Law and Conspiracy Against Rights 18 U.S. Code §241 Plaintiff's Constitutionally protected rights continue to be violated and disregarded by Defendants.

Am. Compl., ECF No. 15 at 8. He seeks millions of dollars in compensatory and punitive damages as well as the prosecution and incarceration of the named Defendants. *Id.* at 9.

Plaintiff's Amended Complaint is sparse on facts to support his claims, but two things are clear: (1) the facts supporting his claim derive from Defendants' conduct during and in pursuit of the Enforcement Action; and (2) Plaintiff claims that Defendants' conduct violated his constitutional rights.[3]

---

[3] Plaintiff, in his opposition to the motions to dismiss, principally argues that Judges Hall, Vatti, Shea, and the undersigned have ignored U.S. Supreme Court precedent and violated his constitutional rights. *See* ECF Nos. 28, 29.

**Discussion**

*Federal Defendants' Motion to Dismiss (ECF No. 19)*

### Official Capacity Claims

Defendants first argue that any official capacity claims are barred by sovereign immunity. The Court agrees. Claims against federal employees acting within the scope of their employment are actually claims against the United States. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). There is no allegation that any of the Federal Defendants were acting outside the scope of their employment at any time. And given the nature of the allegations, sparse though they may be, it is clear they were not. Thus, Plaintiff's official capacity claims are claims against the United States. Further, sovereign immunity, unless waived by the United States, bars any claims against the United States. *Id.* And it well settled that the United States has not waived sovereign immunity for violations of the Constitution, such as is alleged here. *Id.* at 477.

Because sovereign immunity implicates this Court's subject matter jurisdiction, *id.* at 475; *Mallison v. Conn. Office of Early Childhood*, 634 F. Supp. 3d 21, 29–30 (D. Conn. 2022), and because the United States has not waived its sovereign immunity, all claims against the Federal Defendants in their official capacities are dismissed.[4]

### Individual Capacity Claims[5]

The Federal Defendants next assert that they are protected by absolute immunity for conduct undertaken in the prosecution of the Enforcement Action. Again, the Court agrees.

---

Because the Court dismissed Plaintiff's claims against Judges Hall and Vatti with prejudice, *see* ECF No. 6, the Court does not address these arguments further.

[4] Although Dr. Earles is not a federal employee or official, to the extent that Plaintiff sues Dr. Earles in his "official capacity," those claims against him would likewise fail under sovereign immunity.

[5] Although, Plaintiff did not check the "Individual Capacity" boxes in his Amended Complaint with respect to the Federal Defendants, in an excess of caution, because Plaintiff may have intended to bring such claims, the Court addresses them.

Government officials initiating administrative proceedings and agency attorneys litigating such proceedings are entitled to absolute immunity from liability in damages *See, e.g.*, *Butz v. Economou*, 438 U.S. 478, 512–17 (1978).  *See also Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) (absolute immunity applies to a "government attorney's initiation of civil litigation in a state or federal court"); *Brown v. Trust*, No. 22-cv-6852 (EK), 2023 WL 3092712, at *1 (E.D.N.Y. Apr. 26, 2023) (AUSA representing Department of Education in bankruptcy proceeding absolutely immune for actions taken defending suit in bankruptcy court) (citing *Barrett*, 798 F.2d at 573). As discussed above, the allegations make clear that the conduct by the Federal Defendant attorneys complained of is conduct that occurred in the initiation and prosecution of the Enforcement Action before Judge Hall. Accordingly, all remaining claims against the Federal Defendant attorneys are dismissed with prejudice.

Similarly, Dr. Putnam and Inspector Stokely, as agents of the EPA and acting at the direction of the EPA's lawyers during the course of the Enforcement Action are equally shielded from suit. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (In "determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it.") (citation omitted); *see also Maqablh v. Heinz*, No. 3:16-cv-289 (JHM), 2017 WL 1347695, at *3 (W.D. Ky. Apr. 10, 2017) ("The immunity afforded to prosecuting attorneys also applies to members of the prosecutor's staff for acts committed in the course of their duties as staff of a prosecutor of the state.") (cleaned up). Thus, all remaining claims against defendants Putnam and Stokely are dismissed with prejudice.[6]

---

[6] The Court also concludes that to the extent that Plaintiff's claims are premised on the Defendants' participation in the court ordered field inspection pursuant to Rule 34(a)(2), *see United States v. Andrews*, 3:20-cv-1300 (JCH), ECF Nos. 80 & 158, that conduct is also shielded by absolute immunity. *See Bowers v. United States*, 931 F. Supp. 2d 358, 367–68 (D. Conn. 2013) (defendants present at plaintiff's residence and workplace to execute a valid court order has "an integral relationship with the judicial process" and "thus the nature of the function performed appears to entitle Defendants to quasi-judicial absolute immunity") (internal citation omitted).

*Dr. Earles's Motion to Dismiss (ECF No. 26)*

Dr. Earles seeks dismissal on the ground that he did not act under color of federal law and, even if he did act under color of federal law, Plaintiff failed to plead facts that, if proven, would establish that he had any direct or personal involvement in the alleged constitutional violations and is therefore entitled to qualified immunity, which protects government officials from civil liability under certain circumstances.

On this issue, the Court first observes that Dr. Earles, as a private citizen, is not a government official. However, he may still be found to have acted under color of federal law if he acted jointly with the federal government or its agents when preparing the expert report for the Enforcement Action and otherwise undertaking his responsibilities as a retained expert. *See Bender v. Gen. Servs. Admin.*, 539 F. Supp. 2d 702, 708, 711–12 (S.D.N.Y. 2008) (private individuals working under contract for the federal government to provide security services for the Social Security Administration may be liable for *Bivens* actions because they acted under the color of federal law). *See also Strother v. Harte*, 171 F. Supp. 2d 203, 206 (S.D.N.Y. 2001) ("To demonstrate that a private party was acting under color of federal law, a plaintiff must establish that defendant's actions were commanded or encouraged by the federal government, or that the defendants were so intertwined with the government as to become painted with color of [federal] action.") (internal quotation marks omitted). Here, it is clear based upon the allegations as well as the record of the Enforcement Action that Dr. Earles was acting under color of federal law when he undertook his role as an expert witness for the EPA.

Under the doctrine of qualified immunity, government officials are immune from liability for civil damages when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555

U.S. 223, 230 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The two-pronged qualified immunity inquiry asks whether "the facts alleged show the [official's] conduct violated a constitutional right," and if so, "whether the right was clearly established," such that "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001) (citations omitted).

The only allegation in the Amended Complaint that might implicate a claim against Dr. Earles is that the Amended Complaint "is the result of the delivery of Defendants['] expert disclosures." ECF No. 15 at 8. There are no factual allegations regarding Dr. Earles at all, let alone factual allegations tending to show that Dr. Earles violated a constitutional right by, presumably, preparing an expert report which the attorneys for the Government subsequently disclosed during the Enforcement Action. "If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends." *Feinberg v. City of N.Y.*, No. 99-cv-12127 (RC), 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004) (citing *Saucier*, 533 U.S. at 201). As there are no factual allegations as to Dr. Earles's conduct, there is no basis upon which to even determine whether the conduct violated a constitutional right. Indeed, Plaintiff's claims against Dr. Earles fail because he has not plausibly alleged a constitutional violation.[7] However, this is a pleading deficiency for which dismissal may be sought, *see Iqbal*, 556 U.S. at 678, not a basis upon which to afford Dr. Earles qualified immunity.

Ordinarily, when dismissing a claim as insufficiently supported by factual allegations, the Court would afford a plaintiff the opportunity to file an amended complaint to correct the deficiencies identified. *See Grullon v. City of New Haven*, 720 F.3d 133, 139–40 (2d Cir. 2013)

---

[7] To the extent that Plaintiff seeks to bring claims against all Defendants pursuant to 18 U.S.C. § 241, these claims also fail because it is a criminal statute that does not contain a private right of action. *See Hill v. Didio*, 191 F. Appx. 13, 14 (2d Cir. 2006).

9

("A *pro se* complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (citation omitted). Indeed, Rule 15(a)(2) instructs that leave to amend should be freely given. Notwithstanding, the Court may deny leave to amend for good cause, including, *inter alia*, "when amendment would be futile." *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 252 (D. Conn. 2016) (internal quotation marks omitted). Even affording *pro se* plaintiffs special consideration in construing their pleadings, the Court should deny leave to amend as futile where "the subject matter jurisdiction deficiencies . . . are substantive and cannot be cured." *Pudlin v. Office for (Not of) Civil Rights of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 295 (S.D.N.Y. 2016).

Although Plaintiff did not request leave to amend his Amended Complaint, even if he did, the Court concludes that leave to amend would be futile because Dr. Earles is entitled to absolute immunity for his conduct as an expert witness retained by the EPA, to include his preparation of an expert report. *See, e.g.*, *Horn v. Stephenson*, 11 F.4th 163, 173–74 (2d Cir. 2021) (absolute immunity extends to individuals "who assist . . . an official [shielded by absolute immunity] and who act under that official's direction in performing functions closely tied to the judicial process" such as a firearms expert preparing a ballistics report); *Stinson v. Gauger*, 799 F.3d 833, 841 (7th Cir. 2015), *aff'd in relevant part en banc*, 868 F.3d 516 (7th Cir. 2017) ("The immunities for prosecutors and [expert] witnesses derive from the same common-law immunity that covers all essential participants in a trial, and both exist to protect the truth-seeking function of trials by allowing participants to speak and act freely without threat of civil liability.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 334–36 & n.15 (1983)); *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1244–45 (7th Cir. 1990) (expert witnesses entitled to absolute immunity for pretrial activities, including

evaluating a "bootprint, writing reports, discussing the case with prosecutors, and preparing to testify"), *aff'd in relevant part*, 509 U.S. 259, 264 (1993) (noting in dicta that the court was not concerned with absolute immunity granted to expert witnesses). Because Dr. Earles's participation in the Enforcement Action is limited to work performed as an expert witness once the litigation had begun, and because he worked at the direction of the Federal Defendant attorneys whom the Court has concluded are entitled to absolute immunity, there are no facts that Plaintiff could allege to defeat absolute immunity. Accordingly, all claims against Dr. Earles are dismissed with prejudice because any amendment to Plaintiff's complaint would be futile.

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss the Amended Complaint (ECF Nos. 19 & 26) are GRANTED. The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendants and close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of August 2023.

                                                */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE